## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BRIAN K. CORLEY,,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-06-360-C** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security Administration (Commissioner) denying his applications for disability insurance benefits and supplemental security income benefits.  Pursuant to an order entered by Chief United States District Judge Robin J. Cauthron, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)( B).  The Commissioner has answered and filed the administrative record (hereinafter Tr. ____).  Both parties have briefed their respective positions and thus the matter is at issue.  For the reasons stated herein, it is recommended that the decision of the Commissioner be reversed and the matter be remanded for further administrative proceedings.

## I.  PROCEDURAL HISTORY

Plaintiff filed concurrent applications for disability insurance benefits and supplemental security income benefits on June 30, 2003, alleging a disability onset date of October 5, 2001. Tr. 49-51, 259-63.  He alleged that he was disabled due to status post left knee surgeries, hepatitis B and C, amnesia, depression and alcohol abuse.  Tr. 17.

The applications were denied on initial consideration and on reconsideration at the administrative level.  Tr. 25, 27, 28-30, 32-34, 264, 265-66, 267-68, 269.  At Plaintiff's request, a hearing <u>de novo</u> was held before an administrative law judge on July 15, 2005. Tr. 35, 300-50.  Plaintiff appeared in person and with his attorney and offered testimony in support of his applications.  Tr. 302, 304-43.  A vocational expert testified at the request of the administrative law judge.  Tr. 41, 343-47.  The administrative law judge issued his decision on September 8, 2005, finding that Plaintiff was not disabled within the meaning of the Social Security Act and that he was not entitled to either disability insurance benefits or supplemental security income benefits.  Tr. 13-15, 16-22.  The Appeals Council denied Plaintiff's request for review on February 15, 2006, and thus the decision of the administrative law judge became the final decision of the Commissioner. Tr. 6-9, 10.

## II.  STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it.  The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight.  However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004)(internal quotations and citations omitted). The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. Id. at 751 & n. 2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy, given his age, education, and work experience. Id. at 751.

## III.   THE ADMINISTRATIVE LAW JUDGE'S DECISION

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920. Tr. 17. He first found that Plaintiff had engaged in substantial gainful activity for a two-week period after the alleged disability onset date, although in his findings he indicates that no such substantial gainful activity occurred. Tr. 17, 21. At step two, the administrative law judge found that Plaintiff has status post-failed total knee arthroplasty, an impairment that is "severe." Tr. 19, 21. At step three, the administrative law judge determined that this severe impairment was not severe enough to meet or equal any of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4. Tr. 19, 21. He next found that Plaintiff had the residual functional capacity to stand or walk for two hours in an eight-hour day; that he could lift or carry between five and nine pounds frequently or ten pounds occasionally; and that he could push or pull over twenty pounds. Tr. 20, 21. The administrative law judge further found

that Plaintiff cannot kneel or climb ladders, and that he can only occasionally stoop, crouch, crawl, balance and climb stairs.  Tr. 20, 21.  Based on this residual functional capacity, the administrative law judge found at Step Four of the sequential evaluation process that Plaintiff was not able to perform his past relevant work.  Tr. 20, 21.  However, based upon Plaintiff's residual functional capacity and vocational factors, the administrative law judge found that there were unskilled sedentary jobs that Plaintiff could perform, such as assembler and miscellaneous laborer.  Tr. 20, 21.  Thus, the administrative law judge found that Plaintiff was not disabled and was not entitled to benefits.  Tr. 21, 22.

## IV.    ISSUES ON APPEAL

Plaintiff raises three issues on appeal.  First, the Plaintiff claims that the administrative law judge erred in his consideration of the medical evidence.  Plaintiff's Opening Brief, p. 8-10.  In his second claim, the Plaintiff alleges that there is new and material evidence that requires a remand so the administrative law judge can consider it.  Plaintiff's Opening Brief, p. 11-13.  In his third claim, Plaintiff argues that the administrative law judge's analysis violated the treating physician rule.  Plaintiff's Opening Brief, p. 14-19.

## V.  DISCUSSION

### A.  The Medical Evidence

In Ground One, Plaintiff argues that the administrative law judge erred because he failed to discuss certain medical evidence that Plaintiff believes supports his claim that he is disabled.  The Commissioner argues that the administrative law judge reviewed all of the pertinent evidence and that Plaintiff cannot establish that the administrative

law judge's opinion with regard to Plaintiff's capacity for work is inconsistent with any of the medical findings that Plaintiff believes the administrative law judge overlooked.

Plaintiff specifically argues that the administrative law judge ignored the examination findings of Lance E. Rosson, D.O. who performed an outpatient evaluation of Plaintiff following his August 2001 knee injury.  Plaintiff's Opening Brief, p. 9. Plaintiff contends that the administrative law judge failed to note all of Dr. Rosson's January 9, 2002 findings, specifically: Plaintiff's moderate to severe crepitation with range of motion testing of his left knee; decreased muscle strength testing in his quadricep and hamstring muscles of the left leg relative to his right leg; tenderness on palpitation to his knee and thigh; and the observation that Plaintiff walked with an antalgic gait.  Id. (citing Tr. 152).  Plaintiff also notes that the administrative law judge failed to specifically mention Plaintiff's unsteady gait as noted by the treatment provider at the Chickasaw Nation Health System, and that he had edema in his lower legs and hyperactive bowel sounds.  Plaintiff's Opening Brief, p. 9-10 (citing Tr. 191).  Plaintiff also cites to the administrative law judge's failure to reference treatment notes from March 2003 that indicate antalgic posturing related to complaints of lumbar back pain, an x-ray showing degenerative disc disease, and notations of pedal edema in May 2003.  Plaintiff's Opening Brief, p. 9-10 (citing Tr. 177, 189, 190).  Plaintiff also complains that the administrative law judge ignored the consultative examination conducted on January 12, 2004, by Christopher Lane, D.O.  Tr. 227-28.  Plaintiff lists Dr. Lane's observations and argues that

the administrative law judge rejected the report without proffering any reason.[1] Plaintiff's Opening Brief, p. 10.

As noted by the Commissioner, Plaintiff does not indicate how these specific findings are inconsistent with the administrative law judge's decision.  Brief in Support of the Commissioner's Decision, p. 4-6.  The administrative law judge concluded that Plaintiff was status post-failed total knee arthroplasty and noted that he had pain, resulting in a substantial limitation on his ability to walk. Tr. 19, 20. The administrative law judge concluded that Plaintiff could only stand or walk for two hours of an eight-hour work day.  Tr. 20-21.  Plaintiff does not establish or argue that any of the above-cited reports contradict the administrative law judge's findings.

In short, although Plaintiff is correct that the administrative law judge did not note all of his visits to his doctors and all of the findings pertinent to those visits, the specific evidence to which he cites does not undercut the administrative law judge's decision. Plaintiff does not indicate how the administrative law judge's decision is contrary to any of the opinions or findings made by these physicians.  Plaintiff does not argue that the evidence establishes that he met a particular listing so as to be disabled at step three of the sequential analysis nor does he argue that the administrative law judge erred in assessing his "severe" impairments at step two or his residual functional capacity at step four, other than with regard to his ability for prolonged sitting, which is discussed infra. Since the administrative law judge noted that he had considered all of the evidence (Tr.

---

[1] The undersigned notes that Dr. Lane's assessment of Plaintiff was that he had chronic left knee pain secondary to multiple knee replacements, hepatitis B and C and a history of testicular cancer.  Tr. 228. Dr. Lane did not offer any opinion about Plaintiff's limitations as a result of these conditions.

16), and since he is not required to discuss every piece of relevant evidence, the undersigned accepts his assertion that he has reviewed the medical evidence. <u>Clifton v. Chater</u>, 79 F. 3d 1007, 1009-10 (10th Cir. 1996)("The record must demonstrate that the [administrative law judge] considered all of the evidence, but an [administrative law judge] is not required to discuss every piece of evidence.")

Therefore, except as discussed infra with regard to Plaintiff's Ground Three, regarding his capacity for prolonged sitting, Plaintiff's first argument does not provide a basis for remand of this matter to the Commissioner.

### B.  New and Material Evidence

In Ground Two, Plaintiff argues that this matter should be remanded to the Commissioner to permit consideration of new evidence, specifically a Department of Corrections' work activity evaluation of Plaintiff's limitations.  Plaintiff's Opening Brief, p. 12-13.  Plaintiff argues that although this information was timely submitted to the Social Security Administration, for some unknown reason the report does not appear in the administrative record and there is no indication that the administrative law judge considered the evaluation.  <u>Id.</u> at 13.  Plaintiff contends that the administrative law judge's decision would have been different had he considered the evaluation.  <u>Id.</u> at 12-13.  The Commissioner contends that the evidence would not have altered the administrative law judge's decision and that remand is not warranted for consideration of this evaluation.  Commissioner's Brief, p. 7.

"In order to find a remand appropriate, [the Court] normally must determine that the new evidence would have changed the [Commissioner's] decision had it been before

him.  Implicit in this requirement is that the proffered evidence relate to the time period for which the benefits were denied."  Hargis v. Sullivan, 945 F.2d 1482, 1493 (10th Cir. 1991) (citations omitted).  In light of the determination below, the undersigned need not determine whether the administrative law judge's decision would have been different had he considered the Department of Corrections Work/Activity/Housing Summary completed on September 21, 2004.[2]  Because the administrative law judge erred in his treatment of the treating physician's opinions, he will have an opportunity on remand to consider the summary and to determine its impact on his evaluation of Plaintiff's residual functional capacity and his disability status.

### C. Plaintiff's Treating Physician

Finally, in Ground Three, Plaintiff argues that the administrative law judge failed to comply with the requirements of the treating physician rule in considering the opinion of Paul Maitino, D.O.  Plaintiff's Opening Brief, p. 14-19.  Dr. Maitino performed arthoplasty on Plaintiff's left knee following his 2001 on-the-job injury.  Plaintiff contends that this violation of the treating physician rule resulted in the administrative law judge's failure to consider medical evidence of Plaintiff's inability for prolonged sitting.  Plaintiff's Opening Brief, p. 15-19.  The Commissioner contends that the administrative law judge's decision is supported by substantial evidence because

---

[2] The Department of Corrections' report is a summary of Plaintiff's limitations as assessed by Frank R. Williams, PAC.  The form includes a check mark in a box labeled "[n]o prolonged sitting or standing," without comment on whether the limitation is on both sitting and standing or just sitting or just standing. Plaintiff's Opening Brief, Attachment 1.  However, the report goes on to conclude that Plaintiff had no medical limitations and appeared to be a good candidate for gainful occupation.

Plaintiff's treating physician did not include any limitation in Plaintiff's capacity for prolonged sitting in his final work status report.  Commissioner's Brief, p. 8-10.

In deciding how much weight to give the opinion of a treating physician, an administrative law judge must first determine whether the opinion is entitled to "controlling weight."  <u>Watkins v. Barnhart</u>, 350 F.3d 1297, 1300 (10th Cir. 2003).  An administrative law judge must give the opinion of a treating physician controlling weight if it is both (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "consistent with other substantial evidence in the record."  <u>Id.</u> (internal quotation marks omitted).  Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927."  <u>Id.</u> (internal quotation marks omitted).  After considering the requisite factors, the administrative law judge must "give good reasons" for the weight he ultimately assigns the opinion.  20 C.F.R. § 404.1527(d)(2); 20 C.F.R. § 416.927(d)(2).  "Finally, if the [administrative law judge] rejects the opinion completely, he must then give specific, legitimate reasons for doing so."  <u>Watkins</u>, 350 F.3d at 1301 (internal quotation marks omitted).

On August 17, 2001, Plaintiff apparently fell from a truck while employed at Ellis Construction and injured his left knee.  Tr. 117.  After an unsuccessful attempt at physical therapy Plaintiff underwent a total knee replacement, arthoplasty, of his left knee.  Tr. 147, 131-36.  Because of prior injury to the knee Plaintiff had previously undergone two similar operations.  Tr. 128.  Dr. Maitino performed the surgery on

October 11, 2001. Tr. 133-36. Plaintiff was discharged from the hospital to a rehabilitation facility on October 15, 2001, and he was treated there until October 20, 2001. Tr. 140-41, 142-145. Following Plaintiff's surgery and in conjunction with a worker's compensation claim, Dr. Maitino issued a number of post-operative work status reports. On November 1, 2001, Dr. Maitino opined that Plaintiff was temporarily totally disabled. Tr. 168. He issued the same opinion on November 15, 2001 and December 4, 2001. Tr. 161-62, 165-66. On December 20, 2001, Dr. Maitino opined that Plaintiff could return to work, checking the "with no restrictions" box, but indicating a number of restrictions. Tr. 159. Although portions of this document are illegible Dr. Maitino apparently issued "permanent restrictions of no kneeling, squatting, prolonged sitting, climbing."[3] Tr. 152. On February 20, 2002, Dr. Maitino completed a medical statement of ability to work form, indicating therein that Plaintiff could not lift, push, pull, climb, kneel or run, but that Plaintiff could work with these restrictions. Tr. 157. Finally, on April 18, 2002, Dr. Maitino issued a work status report indicating that Plaintiff could return to work with the following limitations: no push/pull over twenty pounds, no lifting or carrying over twenty pounds, no kneeling and no ladders. Tr. 156. Dr. Maitino's notes do not indicate why he omitted the prohibition against prolonged sitting. Tr. 156.

---

[3] The notes portion of Dr. Maitino's report is illegible. However, according to Dr. Rosson's report, which the Commissioner does not dispute, Dr. Maitino imposed these permanent restrictions in his December 20, 2001 report. It seems questionable whether Dr. Maitino did impose a restriction of no prolonged sitting as Dr. Rosson appears to rely upon Plaintiff for this information (Tr. 151-52 - "patient history"), when in fact Dr. Maitino's typed report for December 20, 2001, does not include such restriction. Tr. 160. Nevertheless, the administrative law judge specifically included a finding that Plaintiff had permanent restrictions on prolonged sitting, Tr. 19, so he was required to explain why he disregarded this finding.

In his decision the administrative law judge included the following discussion of Plaintiff's medical records related to the 2001 knee injury and subsequent arthroplasty:

> On September 21, 2001, R.J. Langerman, D.O. opined that Mr. Corley required yet another arthroplasty (Exhibit 3F).  This was done on October 11, 2001 and Mr. Corley was discharged from the hospital on October 15, 2001. (Exhibit 4F).
>
> There were now permanent prohibitions against kneeling, squatting, and prolonged sitting.  Mr. Corley complained of increased pain from prolonged standing, walking, and climbing or descending stairs. An evaluation was done on January 9, 2002 by Lance E. Rosson, D.O.  In a February 23, 2002 report, Dr. Rosson wrote that the claimant had sustained a permanent partial impairment of 65% to the left knee (Exhibit 7F, p. 3).

Tr. 19.  The administrative law judge subsequently noted Plaintiff's allegation that he can sit for only one hour at a time.  Tr. 19.  After consideration of Plaintiff's subjective allegations the administrative law judge then concluded that Plaintiff was not entirely credible and found that he could stand/walk for two hours of an eight-hour day.  Tr. 20-21. The administrative law judge made no specific finding with regard to Plaintiff's capacity for sitting during an eight-hour day, although his conclusion that Plaintiff can perform sedentary work necessarily requires that the administrative law judge found that Plaintiff could sit for greater than one hour and his hypothetical to the vocational expert included an ability to sit for six hours.  Tr. 345.[4]

The Commissioner's argument has some initial appeal because Dr. Maitino's final work status report does not specifically mention any restriction on prolonged sitting, and as noted in note 3, it is questionable whether Dr. Maitino ever included a restriction on prolonged sitting.  Tr. 156.  However, the administrative law judge failed to reconcile his

---

[4] Sedentary work by definition requires between six and eight hours of sitting.  Social Security Ruling 83-10, 1983 WL 31251, at *5.

conclusion that Plaintiff does not suffer from any limitation in his ability for sitting with the permanent restriction against prolonged sitting which the administrative law judge noted just one page earlier.  Tr. 19.  Additionally, the administrative law judge never cites to Dr. Maitino's last work status report.  Rather, he focuses on Dr. Rosson's February 23, 2002 report, which includes the aforementioned permanent limitation on prolonged sitting.  Tr. 19, 152.  Compounding this concern is the fact that the administrative law judge's summary of Dr. Rosson's February 23, 2002 report excludes Plaintiff's complaint of increased pain with prolonged sitting.  Compare Tr. 19 with Tr. 152.

The evidence of a limitation for prolonged sitting includes Plaintiff's subjective complaints at the hearing before the administrative law judge, his complaints to Dr. Rosson at the January 9, 2002 examination for purposes of rating his disability impairment level, and the "permanent restrictions of no . . . prolonged sitting" noted by Dr. Rosson as having been imposed by Dr. Maitino.  Tr. 152, 339.  Although the administrative law judge could have undertaken the treating physician analysis and determined that Mr. Maitino's permanent restriction of no prolonged sitting was not truly permanent in light of Dr. Maitino's subsequent analysis, his decision is entirely silent in this regard.

> [T]o the extent a harmless-error determination rests on legal or evidentiary matters not considered by the [administrative law judge], it risks violating the general rule against post hoc justification of administrative action recognized in SEC v. Chenery Corp., 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943) and its progeny.  With these caveats, it nevertheless may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, i.e., where, based on material the [administrative law judge] did at least consider (just not properly), we could confidently say that no reasonable

12

administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.

Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004).  In light of the above evidence that Plaintiff's ability for prolonged sitting is compromised, the undersigned concludes that the administrative law judge should provide the support for his conclusions with regard to Plaintiff's ability for prolonged sitting and that any attempt to justify the absence of a limitation on Plaintiff's ability to sit with the evidence would violate the ban on post hoc justification.  Accordingly, the undersigned recommends that this matter be reversed and remanded to the Commissioner for further proceedings.  A remand does not foreclose a decision by the administrative law judge that Plaintiff had the ability for prolonged sitting; however, the administrative law judge must take all the necessary steps in rendering such an opinion.

### VI.  RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of Social Security Administration be reversed and the matter be remanded for further administrative proceedings consistent with this Report and Recommendation.  The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by November 15, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and

Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 26th day of October, 2006.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE